# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

FILED
AUG 21 2008
William B. Guthrie
Clerk, U.S. District Court
By_____ Deputy Clerk

SHANE R. BAGLEY,            )
                            )
            Plaintiff,      )
                            )
v.                          )   No. CIV 07-193-RAW-SPS
                            )
HASKELL HIGGINS, et al.,    )
                            )
            Defendants.     )

## OPINION AND ORDER

This action is before the court on the defendants' motion to dismiss or for summary judgment. The court has before it for consideration plaintiff's amended complaint [Docket #10], the defendants' motion [Docket #21], and a special report prepared by the Oklahoma Department of Corrections (DOC) at the direction of the court [Docket #22], in accordance with *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978).

Plaintiff, an inmate in the custody of DOC who is incarcerated at the Creek County Jail in Sapulpa, Oklahoma, brings this action under the authority of 42 U.S.C. § 1983 seeking monetary damages and release from confinement for alleged constitutional violations during his incarceration at Howard McLeod Correctional Center (HMCC) in Atoka, Oklahoma. The defendants are HMCC Warden Haskell Higgins, HMCC Sgt. Guest, and HMCC Deputy Warden Cyndi Hendrix.[1]

---

[1] To the extent the defendants are sued in their official capacities as DOC officials, plaintiff's claims are barred by the Eleventh Amendment. It is well settled that a damages suit against a state official in his official capacity is merely another way of pleading an action against the State. *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985). *See also Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1988) (state officials sued in their official

As an initial matter, plaintiff's request for equitable relief in the form of release from confinement is not proper in a § 1983 cause of action. Rather, habeas corpus is the exclusive remedy for a state prisoner challenging the fact or duration of his confinement, when the relief sought includes immediate or speedier release. *Preiser v. Rodriguez*, 411 U.S. 475, 489-90 (1973).

Plaintiff alleges he arrived at HMCC on April 19, 2007, and the next day he submitted a sick call slip to advise the medical staff of his medical restrictions from the previous facility. He claims he is not supposed to work outside in the dust or heat because of his asthma, and he told Physician's Assistant Williams about his medical restrictions allegedly issued by the physician at Lexington Correctional Center. Despite plaintiff's documented medical history, he contends HMCC staff would not honor his medical restrictions and tried to place him on an outside security work crew. Plaintiff also claims PA Williams told him the medical restrictions would not be followed, and plaintiff had to work outside. Williams allegedly said plaintiff would not be removed from the work crew unless he "fell out."

Plaintiff further alleges he and his wife have called Defendant Warden Higgins, Defendant Deputy Warden Cyndi Hendrix, and HMCC Medical Administrator Brandi Birchfield, but they have refused to comply with the medical restrictions. In response to a call from plaintiff's wife, HMCC Unit Manager Rick Lowrance allowed plaintiff to work as an orderly on the unit. When Mr. Lowrance called Medical Administrator Brandi Birchfield about plaintiff's restrictions, however, Ms. Birchfield allegedly lied to Mr. Lowrance by saying plaintiff had no medical restrictions.

---

capacities are not "persons" for purposes of a § 1983 suit, because the suit is against the official's office and not against the official).

2

On June 18, 2007, plaintiff notified the defendants that he was filing a civil rights complaint about their failure to honor his medical restrictions. Plaintiff was told to go to the medical unit, and PA Williams prescribed albuterol, Advair, and Singulair for him. Nonetheless, plaintiff claims the HMCC staff would not admit they were wrong, and they continued to ignore his medical restrictions. In addition, plaintiff allegedly suffered retaliation when HMCC Officer John Hodges gave him a low evaluation because of the lawsuit, and when Defendant Sgt. Guest made him work in the heat on the outside work crew on July 9, 2007, and threatened him with segregation if he did not follow her orders. Plaintiff followed Guest's orders, but the dust caused him to have chest pains and wheezing, and he was not allowed to submit a sick call slip until his work ended that day. He claims Guest also harassed him and attempted to keep him out of the prison law library, because he had filed grievances and a civil rights complaint.

The defendants have moved the court for dismissal of the action, or in the alternative for summary judgment, for plaintiff's failure to exhaust his administrative remedies for any claims asserted in this lawsuit. Having moved for summary judgment in their favor, the defendants are required to show the absence of a genuine issue of material fact. Fed. R. Civ. P. 56(c). Their initial burden is to show the absence of evidence to support plaintiff's case. *Celotex v. Catrett*, 477 U.S. 317, 323 (1986). The defendants must identify those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any" which establish the absence of any genuine issue of material fact. *Id*. Plaintiff, as the nonmoving party, must go beyond the pleadings and by way of affidavits or "depositions, answers to interrogatories, and admissions on file" designate "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

3

The special report states that when plaintiff was received at HMCC on April 19, 2007, he was being treated for asthma and seasonal allergies. He was evaluated by the HMCC medical staff on April 21, 2007, to determine if any housing or work restrictions existed. He received three medical restrictions while incarcerated at HMCC, none of which involved a restriction for indoor work. On April 25, 2007, he was given permission to wear sunglasses during sun exposure; on May 15, 2007, he was allowed to have one extra roll of toilet paper each week; and on July 17, 2007, he was given permission to wear tennis shoes at work in the kitchen, if approved by the kitchen supervisor.

Gary Johnston, D.O., states by affidavit that he is the DOC Regional Physician and the supervising physician for Physician's Assistant Jimmy Williams. According to Dr. Johnston, when plaintiff was received into DOC custody, he was being treated for seasonal allergies and asthma, and his medications for those conditions were continued. On April 3, 2006, he was seen by the physician at Jackie Brannon Correctional Center, because his symptoms had increased. At that time he was working around rocks, hay, and dust, so a more dust-free environment was recommended. His problems with allergies and asthma continued and required changes in his medication. Plaintiff was seen seven times from April until November of 2006 for these problems, and his medication was adjusted to control his symptoms. He submitted no requests for medical care from November 2006 until April 2007.

In April 2007 plaintiff was transferred to HMCC, and DOC Form #140113C, Activity/Housing Summary, was completed, indicating he had no activity restrictions but was allowed to wear sunglasses outside. He was seen twice in April and once in May 2007 for seasonal allergies and asthma. In June 2007 he reported he had a restriction for "no outside

4

job," but he actually did not have this restriction. On June 21, 2007, he was seen for chronic asthma, and his asthma was well controlled. Peak flow testing was ordered each week for three weeks, and his asthma remained in good control. On July 17, 2007, Dr. Johnston and PA Jimmy Williams saw plaintiff who was working in the kitchen. He was having no respiratory problems, but complained of low back pain. He was treated with muscle relaxants and given permission to wear tennis shoes in the kitchen. He was seen twice in August and prescribed Robaxin for back pain. On September 9, 2007, he requested another medication and wanted an MRI for his back. After reviewing plaintiff's case and conferring with Jimmy Williams, Dr. Johnston determined there was no clinical indication for an MRI, and the Robaxin was continued. Dr. Johnston concurs with the treatment provided and concludes that plaintiff received adequate treatment for his seasonal allergies, asthma, and back pain.

Health Services Administrator Brandi Birchfield, Deputy Warden Cyndi Hendrix, and Officer Teresa Guest have submitted affidavits denying plaintiff's allegations against them. Ms. Birchfield denies giving false information to Unit Manager Rick Lowrance about plaintiff's medical restrictions, Deputy Warden Hendrix denies violating plaintiff's medical restrictions or retaliating against him in any way, and Officer Guest denies ordering plaintiff to perform work in violation of his medical restrictions, harassing him, or preventing him from using the facility law library.

HMCC inmates who are not assigned to a job are required to work on the Security Work Crew performing manual labor, until they receive a formal assignment. Plaintiff was on "unassigned" status at HMCC until he was assigned to Food Services on July 16, 2007. He also worked temporarily as a dormitory orderly and received one evaluation for the month

of June 2007 from Officer John Hodges. Hodges denies in his affidavit that he gave plaintiff a low evaluation because of the civil rights lawsuit and states the evaluation was based on plaintiff's work performance.

Pursuant to the DOC Inmate/Offender Grievance Process, to exhaust administrative remedies, an inmate must not only properly and timely file a grievance regarding each issue with the facility head, but he also must properly and timely appeal the grievance response to the administrative review authority. When there is a medical issue, the inmate must properly and timely appeal to medical services.

The special report shows that plaintiff failed to submit a grievance at the facility level concerning any of the issues in his complaint. According to an affidavit by Lavonna Bartling, DOC Administrative Programs Officer, the offender grievance records indicate plaintiff never attempted to submit a grievance appeal to the DOC Administrative Review Unit from March 2007 to October 3, 2001. Mike Murray, DOC Nurse Manager in Medical Services, states by affidavit that the medical grievance log and the individual inmate grievance files maintained by the Medical Services office show that no medical grievances were received from plaintiff between April 19, 2007, and October 4, 2007. Plaintiff, however, did send a letter to Medical Services on June 26, 2007, which was returned unanswered for failure to utilize the formal grievance process.

"No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Inmates are required to exhaust available administrative remedies, and suits filed before the exhaustion requirement is met must be dismissed. *Booth v. Churner*,

6

532 U.S. 731, 740-41 (2001); *Yousef v. Reno*, 254 F.3d 1214, 1216 n.1 (10th Cir. 2001). Plaintiff contends the DOC's grievance policies are futile [Docket #27]. He bases this claim on the response to his letter to Medical Services, which stated he must follow the grievance process, and an apparent response from DOC's General Counsel concerning plaintiff's allegations in a letter to Internal Affairs. After careful review the court finds plaintiff has failed to make any colorable argument that he has exhausted his administrative remedies, and he has cited no authority or facts, other than his own conclusory allegations, to demonstrate he was denied access to those administrative procedures. *See Brown v. Zavaras*, 63 F.3d 967, 972 (10th Cir. 1995) (conclusory allegations insufficient to state a cause of action). The court, therefore, finds there is no genuine issue of material fact. Fed. R. Civ. P. 56(c).

**ACCORDINGLY,** the defendants' motion for summary judgment [Docket #21] is GRANTED, and this action is, in all respects, DISMISSED WITHOUT PREJUDICE for failure to exhaust administrative remedies.

**IT IS SO ORDERED** this 21st day of August 2008.

**RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**

7